BRETT A. SHUMATE
Assistant Attorney General, Civil Division
SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney General, Civil Division
LISA K. HSIAO
Acting Director, Consumer Protection Branch
COLEEN SCHOCH
Trial Attorney
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20044-0386
Telephone: (202) 305-7386
Coleen.Schoch@usdoj.gov

*Attorneys for Plaintiff United States of America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GORILLA VAPES LLC, NICK JURCZYK, and RUSSELL JURCZYK,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION** |

Plaintiff, the United States of America, on behalf of the United States Food

and Drug Administration, alleges as follows:

1

## NATURE OF THE CASE

1.     Defendants Gorilla Vapes, LLC, Nick Jurczyk, and Russell Jurczyk (collectively, "Defendants"), manufacture and distribute electronic nicotine delivery system ("ENDS") products, including e-liquids containing flavors such as Cotton Candy and Gummy Bears. Defendants also receive and sell ENDS products manufactured by other companies, including those marketed as containing flavors such as Triple Berry and Sour Strawberry. FDA previously and repeatedly warned Defendants that they were unlawfully manufacturing and distributing adulterated and misbranded ENDS products (hereinafter, "Defendants' ENDS products") in violation of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. §§ 301-399i. The Warning Letters stated that "new tobacco products" generally must "have [an FDA] premarket authorization order in effect" in order "to be legally marketed in the United States." In response to each Warning Letter, Defendants pledged to conduct an internal investigation and to take corrective action on any products in their facilities that lacked premarket authorization.

Because Defendants continue to manufacture, distribute, receive, and sell ENDS products unlawfully, Plaintiff brings this action to put an end to Defendants' misconduct.

2. This statutory injunction proceeding is brought under the Act, 21 U.S.C. § 332(a), to permanently enjoin Defendants from doing or causing the following prohibited acts:

    a. introducing or delivering for introduction into interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, in violation of 21 U.S.C. § 331(a); and

    b. receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such products for pay or otherwise, in violation of 21 U.S.C. § 331(c); and

    c. causing ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), to become adulterated and misbranded while they are held for sale after shipment of one or more of their components in interstate commerce, in violation of 21 U.S.C. § 331(k).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and all parties to this action under 21 U.S.C. § 332(a), as well as 28 U.S.C. §§ 1331, 1337, and 1345, because this case involves claims arising under federal laws regulating commerce and is commenced by the United States of America as Plaintiff.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), because Defendants transact business in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

5. Defendant Gorilla Vapes, LLC is a New Jersey limited liability corporation operating at multiple locations in New Jersey, including 649 Atlantic City Boulevard, Beachwood, New Jersey; 305 Lacey Road, Forked River, New Jersey; and 2954 Highway 9 South, Howell, New Jersey (hereinafter, the "facilities"). Defendant Gorilla Vapes, LLC conducts ENDS product operations from these facilities.

6. Defendants Nick Jurczyk and Russell Jurczyk share operational responsibilities at Gorilla Vapes, LLC facilities. Defendants Nick Jurczyk and Russell Jurczyk have each responded to Warning Letters issued by FDA to various Gorilla Vapes facilities. In their responses, Defendants Nick Jurczyk and Russell Jurczyk have identified themselves as "owners" of Gorilla Vapes facilities. In registrations and correspondence with FDA, Defendants have used varying combinations of "Caribbean Cloud;" "Caribbean Cloud Dot Com;" "Gorilla Vapes;" and the name "Gorilla Vapes" plus a retail establishment location.

## LEGAL FRAMEWORK

7. The Act defines a "tobacco product" as including "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product." 21 U.S.C. § 321(rr).

8. A "tobacco product" within the meaning of the Act is generally subject to the requirements of Subchapter IX of Chapter 9 to Title 21 of the United States Code. *See* 21 U.S.C. § 387a(b) (providing that Subchapter IX shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter."); *see also* 81 Fed. Reg. 28974, 28975-76 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" at 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to Subchapter IX).

9. ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, *Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)\** (Apr. 2020), at 9–10, https://go.usa.gov/xuvn5. E-liquids "are a type of ENDS product and

generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.,* liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

10. The Act also defines "new tobacco product" to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007." 21 U.S.C. § 387j(a)(1). Under 21 U.S.C. § 387j(a)(2), a manufacturer is required to obtain premarket review of new tobacco products and obtain FDA's marketing authorization.

11. Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three pathways.

    a. First, the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO") permitting marketing of the new tobacco product upon finding, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c).

    b. Second, a manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product under upon determining, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a

tobacco product marketed after that date but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j).

       c.     Third, a manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, upon an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

12.    A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review unless it has an SE order or found-exempt order in effect. 21 U.S.C. § 387j(a)(2)(A).

13.    A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A).

14.    A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' UNLAWFUL CONDUCT

15.    Defendants receive in interstate commerce ENDS products that Defendants then deliver or proffer for delivery to their customers.

16. Defendants also sell and distribute ENDS products in interstate commerce.

17. Defendants also cause ENDS products to become adulterated and misbranded while they are held for sale after shipment of one or more of their components in interstate commerce.

18. Among other ENDS products, Defendants have received, sold, and distributed ENDS products branded under the names KROS Mini, RYL Classic by Raz, UWELL, and dotPod. At least some of the retail packaging used for each of these ENDS products states that they were "made" or "manufactured" in "China." In addition, these products also were shipped to Defendants' facilities by suppliers located outside of New Jersey.

19. Defendants maintain a website, www.gorillavapes.com, from which customers can purchase products.

20. When a customer purchases Defendants' ENDS products through the website, Defendants ship their ENDS products from one of their facilities to the customer, who may be located in a different state, including in Florida.

21. Defendants also purchase liquid nicotine, flavoring, and other components of ENDS products in interstate commerce and hold them at their facilities. Defendants then use these components to manufacture ENDS products, specifically flavored e-liquids, at their facilities for distribution from these facilities

to consumers. Consumers request flavored e-liquids based on the flavor lists available in Defendants' facilities or on Defendants' website. Defendants then cause the manufacture of the requested ENDS products by combining nicotine, flavors from pre-filled flavor bottles in accordance with Defendants' recipes, and other ingredients. Defendants then label and distribute these flavored e-liquid products to consumers.

22. Defendants' ENDS products are "tobacco products" under 21 U.S.C. § 321(rr). Among other things, Defendants' ENDS products are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption.

23. Defendants' ENDS products were not commercially marketed in the United States as of February 15, 2007, so they are "new tobacco products" under 21 U.S.C. § 387j(a)(1).

24. As new tobacco products, Defendants' ENDS products must receive approval from FDA to be lawfully marketed, through either (1) the PMTA pathway, (2) the SE pathway, or (3) the exemption pathway.

25. Defendants' ENDS products do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

26. Defendants' ENDS products do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i), so they are adulterated under 21 U.S.C. § 387b(6)(A).

27. Additionally, neither an SE report nor an abbreviated report has been submitted for Defendants' ENDS products. Accordingly, Defendants' ENDS products are also misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' HISTORY OF MISCONDUCT

28. FDA has warned Defendants about their misconduct and explained that continued violations could lead to enforcement action, including an injunction.

*Howell, New Jersey*

29. Following an inspection in July 2023, FDA sent a Warning Letter dated September 21, 2023, to Defendant Russell Jurczyk, Owner, Caribbean Cloud Dot Com d/b/a Gorilla Vapes of Howell located at 2954 Highway 9 South, Howell, New Jersey 07731. The Warning Letter explained, among other things, that "new tobacco products" generally must "have [an FDA] premarket authorization order in effect" in order "to be legally marketed in the United States" and that "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action . . . ."

30. The Warning Letter also informed Defendants Russell Jurczyk and Gorilla Vapes, LLC that they were unlawfully manufacturing and selling unauthorized ENDS products. The letter specifically identified certain

unauthorized ENDS products, including "Beetlejuice," and stated that "[t]he violations discussed in this letter do not necessarily constitute an exhaustive list."

31. Finally, the Warning Letter emphasized that Gorilla Vapes should address the violations identified in the Warning Letter "as well as violations that are the same as or similar to those stated" and "take any necessary actions to bring [its] tobacco products into compliance with [the . . . Act]."

32. On September 27, 2023, Defendant Nick Jurczyk responded to the Warning Letter and stated that he was the owner of Gorilla Vapes in Howell. He stated that he "was unaware of any and all allegations that my business operations were in violation of marketing unlawfully without the statutorily required premarket authorization;" that "Gorilla Vapes will be doing an internal investigation into these alleged sales;" that the specific product referenced in the Warning Letter had been removed from the shelves; and that "we will be launching an investigation of possible other products and if they are, in fact, lacking premarket authorization will be taking corrective action."

*Forked River, New Jersey*

33. Following an inspection in July 2023, FDA sent a Warning Letter dated September 28, 2023, to Russell Jurczyk, Owner, Caribbean Cloud Dot Com d/b/a Gorilla Vapes LLC, located at 305 Lacey Road, Forked River, New Jersey. This Warning Letter reiterated that "new tobacco products" generally must "have

[an FDA] premarket authorization order in effect" in order "to be legally marketed in the United States" and that "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action . . . ."

34. The Warning Letter also informed Defendants Russell Jurczyk and Gorilla Vapes, LLC that they were unlawfully manufacturing and selling unauthorized ENDS products. The letter specifically identified certain unauthorized ENDS products, including "GV Tobacco E-Liquid TFN Ex-mint 8MG 30ML," and stated that "[t]he violations discussed in this letter do not necessarily constitute an exhaustive list."

35. Finally, the Warning Letter emphasized that Gorilla Vapes should address the violations identified in the Warning Letter "as well as violations that are the same as or similar to those stated" and "take any necessary actions to bring [its] tobacco products into compliance with [the . . . Act]."

36. On October 6, 2023, Defendant Nick Jurczyk responded to the September 28, 2023, Warning Letter and stated that he was the owner of Gorilla Vapes in Forked River. He stated that he "was unaware of any and all allegations that my business operations were in violation of marketing unlawfully without the statutorily required premarket authorization;" that "Gorilla Vapes will be doing an internal investigation into these alleged sales;" that the specific product referenced

in the Warning Letter had been removed from the shelves; and that "we will be launching an investigation of possible other products and if they are, in fact, lacking premarket authorization will be taking corrective action."

*Beachwood, New Jersey*

37. Following an inspection in November 2023, FDA sent a Warning Letter dated January 4, 2024, to Caribbean Cloud Dot Com d/b/a Gorilla Vapes of Beachwood located at 649 Atlantic City Boulevard, Beachwood, New Jersey 08722. The Warning Letter stated that "new tobacco products" generally must "have [an FDA] premarket authorization order in effect" in order "to be legally marketed in the United States." Therefore, "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action . . . ."

38. The Warning Letter also informed Gorilla Vapes that it was unlawfully manufacturing and selling unauthorized ENDS products. The letter specifically identified certain unauthorized ENDS products, including Bad Santa, and also specifically informed Gorilla Vapes that "[t]he violations discussed in this letter do not necessarily constitute an exhaustive list."

39. Finally, the Warning Letter emphasized that Gorilla Vapes should address the violations identified in the Warning Letter "as well as violations that

are the same as or similar to those stated" and "take any necessary actions to bring [its] tobacco products into compliance with [the . . . Act]."

40. On January 12, 2024, Defendant Nick Jurczyk responded to the Warning Letter and stated that he was the owner of Gorilla Vapes in Beachwood. He stated that he "was unaware of any and all allegations that my business operations were in violation of marketing unlawfully without the statutorily required premarket authorization;" that "Gorilla Vapes will be doing an internal investigation into these alleged sales;" that the specific product referenced in the Warning Letter had been removed from the shelves; and that "we will be launching an investigation of possible other products and if they are, in fact, lacking premarket authorization will be taking corrective action."

41. Between August 11–13, 2025, Bureau of Alcohol, Tobacco, Firearms and Explosives agents inspected the facility and confirmed that Gorilla Vapes in Beachwood was holding and offering for sale adulterated and misbranded tobacco products (*i.e.*, unauthorized ENDS products) to consumers in the United States—including RYL Classic by Raz Triple Berry, RYL Classic by Raz Blue Raz Ice, and RYL Classic by Raz Sour Strawberry. The retail packaging on each of these products indicates that they were "Made in China."

## *GorillaVapes.Com*

42. Following a review of the website, www.gorillavapes.com, FDA sent a Warning Letter dated September 19, 2024, to Gorilla Vapes LLC, Attn: Russell Jurczyk, located at 305 Lacey Road, Lacey Township, New Jersey. This Warning Letter reiterated that "new tobacco products" generally must "have [an FDA] premarket authorization order in effect" in order "to be legally marketed in the United States" and that "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement action . . . ."

43. The Warning Letter also informed Defendants Russell Jurczyk and Gorilla Vapes, LLC that they were unlawfully offering for sale or distribution unauthorized ENDS products. The letter specifically identified certain unauthorized ENDS products, including "Brewed Awakening Classic Salt Nicotine 30ml by CCC, Lucid by CCC, UFOhm Encounter 30ml Nic Salt by CCC, Breakfast All Day French Toast by CCC, and UFOhm Encounter Ice 30ml Nic Salt by CCC," and stated that "[t]he violations discussed in this letter do not necessarily constitute an exhaustive list."

44. Finally, the Warning Letter emphasized that Gorilla Vapes should address the violations identified in the Warning Letter "as well as violations that

are the same as or similar to those stated" and "take any necessary actions to bring [its] tobacco products into compliance with [the . . . Act]."

45.     On October 9, 2024, Defendant Russell Jurczyk responded to the Warning Letter and stated that he was the owner of Gorilla Vapes in Forked River. He stated that he "was unaware of any and all allegations that my business operations were in violation of marketing unlawfully without the statutorily required premarket authorization;" that "Gorilla Vapes will be doing an internal investigation into these alleged sales;" that the specific products referenced in the Warning Letter had been removed from the website; and that "we will be launching an investigation of possible other products and if they are, in fact, lacking premarket authorization will be taking corrective action."

## ONGOING VIOLATIONS

46.     Despite prior warnings and notifications from the FDA, Defendants have not brought themselves into compliance with the Act.

47.     Unless restrained by this Court, Defendants are likely to continue to violate the Act in the manner set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment against Defendants and in favor of the Plaintiff for violations of the Act as alleged in this Complaint;

B.  Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants, and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them, from doing or causing to be done any of the following acts:

(1)  introducing or delivering for introduction into interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, in violation of 21 U.S.C. § 331(a);

(2)  receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c); and

(3) causing ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), to become adulterated and misbranded while they are held for sale after shipment of one or more of their components in interstate commerce, in violation of 21 U.S.C. § 331(k).

C.  Order that FDA be authorized pursuant to this injunction to inspect Defendants' places of business and website(s), and all records relating to the manufacture, sale, and distribution of Defendants' ENDS products, to ensure

continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants at the rates prevailing at the time the inspections are accomplished;

    D.    Award Plaintiff its costs incurred in pursuing this action, including the costs of investigation to date; and

    E.    Award such other equitable relief as the Court deems just and proper.

Respectfully submitted this 16th day of September, 2025,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney
General, Civil Division

LISA K. HSIAO
Acting Director
Consumer Protection Branch

*/s Coleen Schoch*
Coleen Schoch
Trial Attorney

*Attorneys for Plaintiff*
*United States of America*

ROBERT FOX FOSTER
Acting General Counsel
Chief Counsel for Foods, Research, and Drugs
U.S. Department of Health and Human Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

BARBARA ALKALAY
Senior Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

*Of Counsel*